UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA GRAY, AS EXECUTRIX OF THE ESTATE OF EARL GRAY, JR. AND AS TRUSTEE OF THE INTEREST OF JASMINE GRAY-OLIVER, JUSTIN GRAY, and JULIA WIECK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIT BANK, N.A., QBE INSURANCE CORPORATION, QBE FIRST INSURANCE AGENCY, INC., AND MIC GENERAL INSURANCE CORPORATION,<br><br>Defendants. | CASE NO. 1:18-cv-01520<br><br>**DECLARATION OF CATHERINE E. ANDERSON IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

CATHERINE E. ANDERSON, being of age, hereby declares under penalty of perjury, as follows:

1. I am an attorney at law admitted to practice before this Court and am counsel for plaintiffs Monica Gray, as Executrix of the Estate of Earl Gray, Jr. and as Trustee of the Interest of Jasmine Gray-Oliver, ("Monica Gray"), Justin Gray (together, "the *Gray* Plaintiffs"), and Julia Wieck ("Wieck" and collectively with the Gray Plaintiffs, "Plaintiffs").

2. My office, along with that of my co-counsel, the Law Office of Roosevelt N. Nesmith, LLC, (collectively, "Class Counsel") began to investigate the claims against Defendants more than a year prior to commencement of this lawsuit, and continued to develop the claims during prosecution of the action.

3. Indeed, Class Counsel began investigating related Lender Placed Insurance ("LPI") class claims against CIT Bank and affiliates of QBE Insurance in 2016, prior to commencing the substantially similar action captioned, *Wieck v. CIT Bank, N.A., Seattle Specialty Insurance Services, Inc., Certain Underwriters at Lloyd's, London, and Great Lakes Reinsurance (UK), PLC,* in the federal district court for the District of Hawaii, Case. No. 1:16-cv-00596 JMS-WRP, on November 4, 2016 (the "*Wieck* Action"). I have been the principal attorney to investigate Ms. Wieck's claims, to prepare the pleadings, and to review them with her, prior to Class Counsel commencing the *Wieck* Action. Plaintiff Wieck alleged CIT Bank and the other *Wieck* Defendants had engaged in a lender-placed insurance scheme involving the imposition of windstorm LPI coverage on her and similarly situated reverse mortgage borrowers' homes. I have met personally with Ms. Wieck in September 2017 and September 2018 regarding discovery and factual and legal issues in the case.

4. There was extensive motion practice in the *Wieck* Action before the District of Hawaii. The *Wieck* Defendants moved to dismiss Plaintiff Wieck's First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) on May 17, 2017, which Wieck opposed. The motions were argued on September 11, 2017. The parties submitted supplemental briefing on the motions in September 2017, October 2017 and March 2018. The Court entered an Order on March 30, 2018, which denied the *Wieck* Defendants' Rule 12(b)(1) motion and granted, in part, and denied, in part, Defendants' Rule 12(b)(6) motions. In response to the Court's Order upholding certain of Wieck's claims, Wieck filed her Second Amended Complaint on May 11, 2018. A second round of motions practice followed, and oral argument was held on September 10, 2018. The Court entered an Order which granted, in part, and denied, in part, the *Wieck*

2

Defendants' motions on November 2, 2018. The *Wieck* Defendants filed their Answers to Wieck's Second Amended Complaint on April 1, 2019.

5. Discovery in *Wieck*, which had been stayed pending the *Wieck* Defendants' motions to dismiss the First Amended Complaint, moved forward after the court ruled on the motions on March 30, 2018. On May 10, 2018, the court entered a Scheduling Order which incorporated the discovery plan agreed to by the parties. As a result, the *Wieck* Defendants produced over 2,500 pages of documents in response to targeted discovery demands. Plaintiff Wieck also produced hundreds of pages of documents in response to numerous written discovery requests propounded on her by Defendants. Class Counsel also retained two experts who prepared extensive reports on behalf of Plaintiff Wieck and the putative class in April 2019. Class Counsel additionally deposed a representative of CIT Bank on April 4, 2019, and deposed a representative of QBE Insurance Affiliate, Seattle Specialty Insurance Services, Inc., on April 10, 2019.

6. The *Gray* Plaintiffs commenced this putative nationwide class action on February 2, 2018. The *Gray* Plaintiffs alleged a lender-placed insurance scheme between CIT Bank, QBE Insurance and MIC General involving the imposition of hazard LPI coverage on the *Gray* Plaintiffs' and similarly situated reverse mortgage borrowers' properties. In the *Gray* Litigation, Plaintiffs asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with a business relationship, and violations of the Racketeer Influenced and Corrupt Organization Act, among other claims.

7. In response to the Complaint, Defendants CIT Bank and QBE Insurance each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 25, 2018. The *Gray* Plaintiffs opposed the motions. The Court issued an Order granting, in part, and

3

denying, in part, Defendants' motions to dismiss. The Court directed the *Gray* Plaintiffs to file an Amended Complaint within 45 days of the Order. On September 24, 2018, the *Gray* Plaintiffs filed their First Amended Complaint.

8. Defendants filed Motions to Dismiss the First Amended Complaint on October 15, 2018. The *Gray* Plaintiffs opposed the motion. The Court entered an order granting the QBE Insurance and MIC General Defendants' motion to dismiss Plaintiffs' tortious interference claim and denying the motions in all other respects on December 27, 2018. Defendants filed their Answers to the First Amended Complaint on January 24, 2019.

9. Based upon the Complaint, the significant briefing in this case, and the briefing, the extensive discovery, including the exchange of thousands of pages of documents, depositions, and two expert reports prepared on behalf of plaintiff in the *Wieck* Action, and the knowledge and experience of counsel which has been gained from the numerous other LPI actions in which they have represented parties, the Parties to the *Gray* Litigation agreed to engage in mediation.

10. The Parties retained Jonathan Marks of Marks ADR as the mediator and entered into a mediation agreement on May 2, 2019. A full day, in-person, mediation session was held in Washington, D.C. on May 29, 2019. Thereafter, Mr. Marks conducted additional telephonic mediation sessions with each of the parties. In the course of the mediation, the Defendants provided Plaintiffs and Class Counsel with additional information concerning CIT Bank's, QBE Insurance's and MIC General's LPI programs, including aggregate LPI premium information across the country for the hazard and windstorm programs. The Parties made significant progress in the course of the mediation overseen by Mr. Marks, and ultimately, a settlement in principle was reached after months of negotiations. The Settling Parties' Counsel signed a Settlement Outline that identified the material terms for this Settlement Agreement on August 15, 2019.

11. Giskan Solotaroff & Anderson LLP, has extensive experience representing plaintiffs in class actions as set forth in my firm's resume, attached hereto as Exhibit 1. With respect to claims involving LPI, I have represented named plaintiffs in the following actions, several of which have involved certification of nationwide classes for settlement purposes:

- *Santos v. Carrington, et al.*, 2:16-cv-03679 (WHW)(D.N.J.) (nationwide settlement class);

- *Strickland v. Carrington Mortgage Services*, et al., 16-cv-25237(S.D. Fl. Dec. 18. 2016)(nationwide settlement class);

- *Bowles, et al. v. Fay Servicing, LLC et al.* Case No. 2:16-cv-02714 (D.N.J.);

- *DiGiacomo v. Statebridge Company, Inc., American Modern Insurance Company, Southwest Business Corporation*, 2:14-cv-06694 (D.N.J.);

- *Hall, et al v. Bank of America, N.A.*, 12-cv-22700 (S.D. Fla. Dec. 17, 2014)( nationwide settlement);

- *Lee v. Ocwen Loan Servicing LLC*, No. 14-cv-60649, (S.D. Fl. March 14, 2014)(nationwide settlement class)

- *Montoya v. PNC Bank, N.A.*, 2015 U.S. Dist. LEXIS 132664 (S.D. Fla. Sept. 30, 2015) (nationwide settlement class);

- *Almanzar v. Select Portfolio Servicing, Inc., et al.*, 14 –cv-22586 (S.D. Fla. Oct. 15, 2015)(nationwide settlement class);

- *Wilson v. Everbank, N.A.*, 14-cv-22264 (S.D. Fla. Aug. 31, 2015)(nationwide settlement class).

12. Based on my experience litigating consumer class actions, including those involving LPI, I believe the class settlement negotiated in this action is a fair and reasonable resolution of this litigation and is in the best interests of Plaintiffs and the Settlement Class.

6

    I hereby declare that the foregoing statements by me are true. I understand that if the foregoing statements are willfully false, I am subject to punishment.

Dated: November 11, 2019

*Catherine E Anderson*
Catherine E. Anderson, Esq.

# EXHIBIT I

## GISKAN SOLOTAROFF & ANDERSON LLP

### Firm Biography

Giskan Solotaroff & Anderson LLP is a firm with significant experience in complex litigation involving consumer fraud, antitrust, and employment discrimination litigation in state and federal courts, on behalf of plaintiffs and often involving class actions.

**OREN GISKAN** is admitted to practice in the states of New York (1993) and Illinois (1990). He received his law degree from the University of Pennsylvania in 1990 and his Bachelor of Arts from the University of Chicago in 1986.

Mr. Giskan served as lead class counsel in *In re Check Loan Litigation*, N.D. Cal. 09-md-02032 ($100 million settlement of claims related to increase of minimum monthly credit card payments); *Cohen v. JP Morgan Chase & Co. and JP Morgan Chase Bank*, E.D.N.Y. 04-cv-4098 (settlement of deceptive claims related to charging of mortgage fee resulting in a recovery of 100% of damages for class members); *Sebrow v. Allstate Insurance Company*, E.D. N.Y., CV-07-3929 (settlement of deceptive practice claims regarding non-renewal of homeowners insurance policies), *Education Station v. Yellow Book USA*, Superior Court of New Jersey ($70 million settlement of false advertising claims), *Danielson v. Rockford Memorial Hospital*, Circuit Court of Winnebago County Illinois, No. 01 L 139 (settlement of patient billing claims under the Illinois Consumer Fraud Act), and *Truschel v. Juno Online Inc.*, Supreme Court of the State of New York, New York County, No. 01/602486 (settlement of consumer protection claims regarding failure to provide Internet service). He is actively litigating several other consumer fraud actions throughout the country as lead or class counsel against companies including, LG Electronics, Apple, and others. Prior to forming the firm of Giskan & Solotaroff in October 2002, Mr. Giskan worked for the firms of Prongay & Borderud, the Law Offices of James V. Bashian, P.C. and Zwerling, Schachter & Zwerling, LLP, in New York, New York where he was actively involved as lead counsel for plaintiffs in many securities class action lawsuits including: *Hal Bloomberg Trust v. Gencor Industries, Inc.*, M.D. Fla., 99-106- Civ-

Orl; *Kaplan v. Prins Recycling Corp.*, D.N.J., 96 Civ. 2444; *In re Lady Luck Gaming Corporation Securities Litigation*, D. Nev., CV-S-95-266-LDG (RLH); *In re American Pacific Securities Litigation*, D. Nev., CV-S-93-00576-PMP; and *In re Foodmaker/Jack- in-the-Box Securities Litigation*, W.D. Wash., No. C93-517WD. He also actively participated as one of the lead counsel in coordinated nationwide class actions against America Online Inc. regarding its deceptive billing practices.

From 1990-92, Mr. Giskan was an associate with Jenner & Block in Chicago, Illinois where he focused on securities and general commercial litigation.

**JASON L. SOLOTAROFF** is admitted to practice in the State of New York. He is a 1990 graduate of Columbia Law School where he was an Editor of the Columbia Law Review and a Harlan Fiske Stone Scholar. He graduated from the Johns Hopkins University with General Honors.

Mr. Solotaroff clerked for the Hon. Eugene H. Nickerson, United States District Court for the Eastern District of New York. Following the clerkship, Mr. Solotaroff was a Staff Attorney at the Legal Aid Society, Criminal Defense Division from 1991 to 1993. In 1993, he joined the Society's Federal Defender Division. As a federal defender, Mr. Solotaroff represented clients in a wide variety of matters including complex white-collar cases. Of the nine clients he represented in criminal trials, six were acquitted and one received a partial acquittal.

Mr. Solotaroff entered private practice in 1997. Since 1997, he has devoted a substantial part of his practice to the representation of plaintiffs in class action matters. Among the cases in which he has had substantial responsibility are consumer class actions against Juno Online Inc., Lincoln Security Life Insurance of New York, Verizon Communications, American Express and antitrust class actions against Abbott Laboratories, Bristol-Myers Squibb and Astrazeneca Inc. He also represents individuals in employment discrimination and criminal defense matters.

**CATHERINE E. ANDERSON** is admitted to practice in the States of New York and New Jersey. She received her law degree from New York University School of Law in 1995, where she was editor of the Journal of International Law and Politics. She graduated *magna cum laude* from Colgate University in 1992, where she was elected Phi Beta Kappa. Ms. Anderson has specialized in consumer class actions and employment law.

Ms. Anderson recently has served as co-lead counsel in *Santos v. Carrington, et al.*, 2:16-cv-03679 (WHW)(D.N.J.) (nationwide settlement obtaining relief valued at over $8 million on behalf of residential mortgage loan borrowers in context of force placed insurance kickback case); and has represented several lead plaintiffs in additional class actions challenging the force placement of insurance on homeowners, including *Hall, et al v. Bank of America, N.A.*, 12-cv-22700 (FAM)(SD FLA)($228 million nationwide settlement); *Montoya v. PNC Bank, N.A.*, 1:14-cv-20474 (JG)(SD FLA)($32.3 million nationwide settlement); and *Wilson v. Everbank, et al.*, 1:14-cv-22264(BB)(SD FLA) ($8.75 million nationwide settlement).

Ms. Anderson has served as lead counsel in the following notable class and collective actions which have resulted in significant settlements: *Cohen v. JP Morgan Chase & Co. and JP Morgan Chase Bank*, 04-cv-4098 (ILG) (E.D.N.Y.)($20 million settlement on behalf of homeowners); *Kent v. Hewlett-Packard Co.*, C-09-05341 (JF)(N.D. CA)(settlement valued at over $2 million on behalf of consumer who purchased defective computers); *Patel, et al v. Baluchis, et al* 08-cv-9985 (RJS)(S.D.N.Y.) ($880,000 settlement on behalf of restaurant workers for wage and hour claims); *Sebrow, et al. v. Allstate Insurance Co., et al.* 07 CV 3929 (FB)(RLM) (E.D.N.Y.) (settlement providing 100% relief to over 54,000 homeowners); *Russo v. WholeArts Foundation, Inc., et al*, Index No. 603037/03 (KM) (New York Supreme Court (providing 100% payment of outstanding bills on behalf of members of defunct health plan).

Prior to joining Giskan Solotaroff & Anderson LLP, Ms. Anderson was associated with the firm of Wolf Popper LLP, where she served as lead or co-lead counsel in the following class actions which obtained a substantial recovery for the class: *Garcia v. General Motors Corp.*, Docket No. L-4394-95, Superior Court of New Jersey, Bergen County ($19.5 million

settlement); *Whipple v. Happy Kids, Inc.*, Index No. 99-603371, IAS Part 10, Supreme Court of the State of New York, New York County (obtaining a settlement providing, among other things, an increase of $0.50 per share on behalf of the Happy Kids public shareholders in a revised buyout transaction); *In re Segue Software, Inc., Sec. Litig.*, C.A. 99-10891-RGS, United States District Court, District of Massachusetts (obtaining a cash settlement of $1.25 million on behalf of a class of all persons who purchased the common stock of Segue Software, Inc. during the period July 14, 1998 through April 9, 1999); *Jonas v. Aspec Technology, Inc.*, Lead Case No. CV775037, Superior Court of the State of California ($13 million cash settlement plus a stock component of 1.75 million shares); *In re Ugly Duckling Corp. Shareholders Derivative and Class Action*, Consolidated C.A. No. 18843, Delaware Court of Chancery, New Castle County (obtaining an increase from $2.51 per share to $3.53 per share cash in going private transaction on behalf of a class comprised of the Company=s minority shareholders, resulting in an aggregate cash benefit of more than $4.7 million).