Roosevelt N. Nesmith, Esq. (008271997)
**LAW OFFICE OF ROOSEVELT N. NESMITH, LLC**
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Telephone: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*
*Attorneys for Plaintiffs and the Putative Class*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONICA GRAY, AS EXECUTRIX OF THE ESTATE OF EARL GRAY, JR. AND AS TRUSTEE OF THE INTEREST OF JASMINE GRAY-OLIVER, JUSTIN GRAY, and JULIA WIECK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIT BANK, N.A., QBE INSURANCE CORPORATION, QBE FIRST INSURANCE AGENCY, INC., AND MIC GENERAL INSURANCE CORPORATION,<br><br>Defendants. | **CASE NO. 1:18-cv-01520**<br><br>**DECLARATION OF ROOSEVELT N. NESMITH IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

ROOSEVELT N. NESMITH, being of age, hereby declares under penalty of perjury, as follows,

1. I am an attorney at law admitted to practice before this Court and am counsel for plaintiffs Monica Gray, as Executrix of the Estate of Earl Gray, Jr. and as Trustee of the Interest

of Jasmine Gray-Oliver, ("Monica Gray"), Justin Gray (together, "the *Gray* Plaintiffs"), and Julia Wieck ("Wieck" and collectively with the Gray Plaintiffs, "Plaintiffs").

    2.     My office, along with that of my co-counsel, Catherine Anderson of Giskan Solotaroff & Anderson, LLP, (collectively, "Class Counsel") began to investigate the claims against Defendants more than a year prior to commencement of this lawsuit, and continued to develop the claims during prosecution of the action. My office met with Monica Gray, Justin Gray and Jasmine Gray-Oliver to investigate their claims, and to prepare and review pleadings prior to Class Counsel filing the case. We have also had meetings and extensive communications with Monica Gray and Justin Gray regarding discovery and factual and legal issues in the case.

    3.     Class counsel began investigating and litigating LPI related class claims against CIT Bank and affiliates of QBE Insurance prior to commencing the substantially similar action styled *Wieck v. CIT Bank, N.A., Seattle Specialty Insurance Services, Inc., Certain Underwriters at Lloyd's, London, and Great Lakes Reinsurance (UK), PLC,* in the federal district court for the District of Hawaii, Case. No. 1:16-cv-00596 JMS-WRP, on November 4, 2016 (the "*Wieck* Action"). Ms. Anderson was the principal attorney to investigate Ms. Wieck's claims, to prepare the pleadings and to review them with her prior to Class Counsel commencing the *Wieck* Action. Plaintiff Wieck alleged CIT Bank and the other *Wieck* Defendants had engaged in a lender-placed insurance scheme involving the imposition of windstorm property insurance coverage on her and similarly situated reverse mortgage borrowers' homes. Ms. Anderson also met personally with Ms. Wieck regarding discovery and factual and legal issues in the case.

    4.     There was extensive motion practice in the *Wieck* Action before the District of Hawaii. The *Wieck* Defendants moved to dismiss Plaintiff Wieck's First Amended Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) on May 17, 2017, which Wieck opposed.  The motions were argued on September 11, 2017.  The parties submitted supplemental briefing on the motions in September 2017, October 2017 and March 2018.  The Court entered an Order on March 30, 2018, which denied the *Wieck* Defendants' Rule 12(b)(1) motion and granted in part and denied in part their Rule 12(b)(6) motions.   In response to the Court's Order upholding certain of Wieck's claims, Wieck filed her Second Amended Complaint on May 11, 2018.  A second round of motion practice ensued.  The Court entered an Order which granted in part and denied in part the *Wieck* Defendants' motions on November 2, 2018.  The *Wieck* Defendants filed their Answers to Wieck's Second Amended Complaint on April 1, 2019.

5. Discovery in *Wieck*, which had been stayed pending the *Wieck* Defendants' motions to dismiss the First Amended Complaint, moved forward after the court ruled on the motions on March 30, 2018.  On May 10, 2018, the court entered a Scheduling Order which incorporated the discovery plan agreed to by the parties.  As a result, the *Wieck* Defendants produced over 2,500 pages of documents in response to targeted discovery demands.   Plaintiff Wieck also produced hundreds of pages of documents in response to numerous written discovery requests propounded on her by Defendants and Class Counsel retained two experts who prepared extensive reports on behalf of Plaintiff Wieck and the putative class in April 2019.  Class Counsel also deposed a representative of CIT Bank on April 4, 2019 and a representative of QBE Insurance Affiliate, Seattle Specialty Insurance Services, Inc. on April 10, 2019.

6. The *Gray* Plaintiffs commenced this putative nationwide class action on February 2, 2018.  The *Gray* Plaintiffs alleged a lender-placed insurance scheme between CIT Bank, QBE Insurance and MIC General involving their imposition of hazard LPI coverage on the *Gray* Plaintiffs' and similarly situated reverse mortgage borrowers' properties.  In the *Gray* Litigation,

Plaintiffs asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with a business relationship, and violations of the Racketeer Influenced and Corrupt Organization Act, among other claims.

7.      In response to the Complaint, Defendants CIT Bank and QBE Insurance each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 25, 2018.  The *Gray* Plaintiffs opposed the motions.  The Court issued an Order granting in part and denying in part Defendants' motions to dismiss. The Court directed the *Gray* Plaintiffs to file an Amended Complaint within 45 days of the Order. On September 24, 2018, the *Gray* Plaintiffs filed their First Amended Complaint.

8.      Defendants filed Motions to Dismiss the First Amended Complaint on October 15, 2018.  The *Gray* Plaintiffs opposed the motion.  The Court entered an order granting the QBE Insurance and MIC General Defendants' motion to dismiss Plaintiffs' tortious interference claim and denying the motions in all other respects on December 27, 2018.  Defendants filed their Answers to the First Amended Complaint on January 24, 2019.

9.      Based upon the Complaint, the significant briefing in this case, and the briefing, discovery and expert reports prepared on behalf of plaintiff in the *Wieck* Action, and the knowledge and experience of counsel gained from the numerous other LPI actions in which they have represented parties, the Parties to the *Gray* Litigation agreed to engage in mediation.

10.     The Parties retained Jonathan Marks of Marks ADR as the mediator and entered into a mediation agreement on May 2, 2019.  An in-person mediation session was held in Washington, D.C. on May 29, 2019. Thereafter, Mr. Marks conducted telephonic mediation sessions with each of the parties.  In the course of the mediation, the Defendants provided Plaintiffs and Class Counsel with additional information concerning CIT Bank's, QBE Insurance's and MIC

General's LPI programs, including aggregate LPI premium information across the country for the hazard and windstorm programs. The Parties made significant progress in the course of the mediation and ultimately a settlement in principle was reached. The Settling Parties' Counsel signed a Settlement Outline that identified the material terms for this Settlement Agreement on August 15, 2019.

11. I have extensive experience representing plaintiffs in class litigation and specifically with respect to claims involving LPI. I represented Classes in the following actions, several of which involved certification of nationwide settlement classes:

- *Santos v. Carrington, et al.*, 2:16-cv-03679 (WHW)(D.N.J.) (nationwide settlement class);

- *Bowles, et al. v. Fay Servicing, LLC et al.* Case No. 2:16-cv-02714 (D.N.J.);

- *DiGiacomo v. Statebridge Company, Inc., American Modern Insurance Company, Southwest Business Corporation,* 2:14-cv-06694 (D.N.J.);

- *Lee v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 121998 (S.D. Fla. Sept. 14, 2015)(settlement class);

- *Montoya v. PNC Bank, N.A.*, 2015 U.S. Dist. LEXIS 132664 (S.D. Fla. Sept. 30, 2015) (settlement class);

- *Almanzar v. Select Portfolio Servicing, Inc., et al.*, 14 –cv-22586 (S.D. Fla. Oct. 15, 2015)(settlement class);

- *Wilson v. Everbank, N.A.*, 14-cv-22264 (S.D. Fla. Aug. 31, 2015)(settlement class).

12. I also have experience defending class action claims, as well as other forms of complex commercial litigation. I represented a major pharmaceutical manufacturer in defending class-wide antitrust claims in *In re Brand Name Prescription Drugs Antitrust Litigation*, 94-cv-00897 (N.D. Ill. Feb. 4, 1994). I have also represented plaintiffs in numerous complex

commercial litigations involving mortgage loan servicing against some of the largest financial institutions in the United States. For example, I represent or have represented plaintiffs in the following complex commercial litigation and wage and hour lawsuits.

- *Garfinkel v. K. Hanrahan Enter., Inc.,* L-7890 17 (Sup. Ct., New Jersey, Nov. 20, 2017);

- *Gannon v. Seterus, Inc., et al.,* No. 17-cv-05517 (D.N.J. July 28, 2017);

- *Rizzolo-Danise v. Saxon Mortgage Company*, et al. 15-cv-06062 (D.N.J. Aug. 7, 2015);

- *Campbell v. Bank of America*, L-6093-12 (Sup. Ct., New Jersey, Sep. 7, 2012);

- *Knight v. J.P. Chase Home Finance*, et al., L-9192-11 (Sup. Ct., New Jersey, Nov. 16, 2011).

13. Based on my experience litigating consumer class actions, including those involving LPI, I believe the class settlement negotiated in this action is a fair and reasonable resolution of this litigation and is in the best interests of Plaintiffs and the Settlement Class.

I hereby declare that the foregoing statements by me are true. I understand that if the foregoing statements are willfully false, I am subject to punishment.

Dated: November 11, 2019

                                              s/Roosevelt N. Nesmith
                                              Roosevelt N. Nesmith, Esq.