# EXHIBIT F-1 (Revised) to Motion for Preliminary Approval

## EXHIBIT F-1

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA GRAY, AS EXECUTRIX OF THE ESTATE OF EARL GRAY, JR. AND AS TRUSTEE OF THE INTEREST OF JASMINE GRAY-OLIVER, JUSTIN GRAY, AND JULIA WIECK, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>CIT BANK, N.A., QBE INSURANCE CORPORATION, QBE FIRST INSURANCE AGENCY, INC., AND MIC GENERAL INSURANCE CORPORATION,<br><br>       Defendants. | CASE NO. 1:18-cv-01520-RMB-AMD |

### FINAL JUDGMENT

   This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval to Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

   1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

      a.      "Named Plaintiffs" means Monica Gray, as executrix of the Estate of Earl Gray, Jr., and as trustee of the interests of Jasmine Gray Oliver, Justin Gray, and Julia Wieck.

      b.      The "Settlement Class" shall include all Borrowers[1] in the United States who, during the Settlement Class Period (February 2, 2012 through July 31, 2018), were charged by Financial Freedom[2] a Net Premium for an LPI Policy issued during the Settlement Class Period.

Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of Defendants or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, assigned to this matter, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; (iv) borrowers whose indebtedness on the residential property securing the reverse mortgage loan serviced by Financial Freedom has been compromised or discharged in bankruptcy or otherwise; and (v) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

      c.      CIT Bank means CIT Bank, N.A., and its predecessors and successors, and all of their parents, subsidiaries, Affiliates, and divisions, including Financial Freedom, and all of their predecessors, successors, parents, subsidiaries, Affiliates, and divisions.

      d.      QBE Insurance means QBE Insurance Corporation and its predecessors and successors, and all of its Affiliates, including QBE FIRST insurance Agency, Inc., n/k/a NGLS Insurance Services, Inc., and Seattle Specialty Insurance Services, Inc., and all of their predecessors, successors, and Affiliates.

---

[1] "Borrower(s)" means (1) the person or persons who signed a reverse mortgage loan agreement, including home equity conversion mortgages, serviced by Financial Freedom and secured by residential property; and (2) property owners who were devised property secured by a reverse mortgage serviced by Financial Freedom where the devisor's reverse mortgage account was charged for an LPI Policy by Financial Freedom after the property had been devised to the property owner.

[2] "Financial Freedom" means Financial Freedom, a division of OneWest Bank, FSB, which later was known as Financial Freedom, a division of OneWest Bank, N.A., and later was known as Financial Freedom, a division of CIT Bank, until CIT Bank sold the Financial Freedom reverse mortgage servicing business.

2

      e.     MIC General means MIC General Insurance Corporation, and its predecessors and successors, and all its Affiliates, including NGLS Insurance Services, Inc. and Seattle Specialty Insurance Services, Inc.

      f.     "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control or ownership with such entity.

      g.     "Insurance Entities" means Balboa Insurance Company, QBE Insurance Corporation, QBE FIRST Insurance Agency, Inc. n/k/a NGLS Insurance Services, Inc. and any of its Affiliates, MIC General Insurance Corporation, Seattle Specialty Insurance Services, Inc., Certain Underwriters at Lloyd's, London, and Great Lakes Reinsurance (UK), PLC, n/k/a Great Lakes Insurance SE.

      h.     "LPI Policy" means a lender-placed residential hazard and/or wind-only insurance policy or policies issued by, subscribed by, or procured or obtained through any of the Insurance Entities, and placed during the Settlement Class Period pursuant to a reverse mortgage loan agreement, including home equity conversion mortgages, serviced by Financial Freedom to cover a Borrower's failure to maintain the required insurance coverage on the residential property securing the reverse mortgage loan.

      i.     "Net Premium" means the amount of premium charged to a Settlement Class Member during the Settlement Class Period for an LPI Policy that was not cancelled, less any refund paid or credited to the Settlement Class Member.

      2.     Named Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their family members, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors,

attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

      a.    "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Parties' conduct, policies, or practices concerning the placement, issuance, or facilitation of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for the placement of LPI Policies during the

Settlement Class Periods. In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

    b.  The Released Claims of both the Named Plaintiffs and the Settlement Class Members shall include, but not be limited to, all claims related to CIT Bank's or Financial Freedom's insurance requirements; the relationship, whether contractual or otherwise, between any of the Released Parties or their Affiliates, or any other insurance carriers, brokers, or agents from whom CIT Bank or Financial Freedom procured or obtained coverage insuring residential property owned by any Settlement Class Member, regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by CIT Bank or Financial Freedom; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by CIT Bank or Financial Freedom; any alleged tortious interference by the Insurance Entities with mortgage loans serviced by CIT Bank or Financial Freedom; the receipt or disclosure or non-disclosure of any and all payments, expenses, fees, finance charges, other charges, or features pertaining in any way to, in connection with, or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by CIT Bank or Financial Freedom; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by CIT Bank or Financial Freedom; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by CIT Bank or Financial Freedom; and the regulatory approval or non-approval of any LPI Policy, or the premium

5

thereon, placed or charged by CIT Bank or Financial Freedom. Each Settlement Class Member shall be considered, by operation of the Final Judgment, to have received full and final redress, including but not limited to any refund, reimbursement restitution, or damages for the conduct covered by the release.

    c. "Released Parties" means, only with respect to Released Claims: (a) CIT Bank, CIT Group Inc., OneWest Bank, FSB, OneWest Bank, N.A., Financial Freedom Acquisition, LLC, Financial Freedom, IndyMac Financial Services, IndyMac Agency, Inc., the Insurance Entities, and each of their respective past, present, and future, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any insurance carrier, broker, or agent from whom Defendants procured or obtained an LPI Policy, or that was a party to an agreement relating to an LPI Policy, insuring residential real property owned by any Settlement Class Member, to the extent not included within subsection (a) above; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, any owner, investor, and/or noteholder of the reverse mortgage loans CIT Bank or Financial Freedom serviced and upon whose secured properties LPI was placed for any Settlement Class member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

  3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4.     Within ten (10) days, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

DONE and ORDERED in Chambers in Camden, New Jersey, this _____ day of _____, 2020

_____
RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE

7

**EXHIBIT F-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONICA GRAY, AS EXECUTRIX OF THE ESTATE OF EARL GRAY, JR. AND AS TRUSTEE OF THE INTEREST OF JASMINE GRAY-OLIVER, JUSTIN GRAY, AND JULIA WIECK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CIT BANK, N.A., QBE INSURANCE CORPORATION, QBE FIRST INSURANCE AGENCY, INC., AND MIC GENERAL INSURANCE CORPORATION, <br><br> Defendants. | CASE NO. 1:18-cv-01520-RMB-AMD |

**FINAL JUDGMENT**

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval to Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

   a. "Named Plaintiffs" means Monica Gray, as executrix of the Estate of Earl Gray, Jr., and as trustee of the interests of Jasmine Gray Oliver, Justin Gray, and Julia Wieck.

   b. The "Settlement Class" shall include all Borrowers[1] in the United States who, during the Settlement Class Period (February 2, 2012 through July 31, 2018), were charged by Financial Freedom[2] a Net Premium for an LPI Policy issued during the Settlement Class Period.

Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of Defendants or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, assigned to this matter, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; (iv) borrowers whose indebtedness on the residential property securing the reverse mortgage loan serviced by Financial Freedom has been compromised or discharged in bankruptcy or otherwise; and (v) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

   c. CIT Bank means CIT Bank, N.A., and its predecessors and successors, and all of their parents, subsidiaries, Affiliates, and divisions, including Financial Freedom, and all of their predecessors, successors, parents, subsidiaries, Affiliates, and divisions.

   d. QBE Insurance means QBE Insurance Corporation and its predecessors and successors, and all of its Affiliates, including QBE FIRST insurance Agency, Inc., n/k/a NGLS Insurance Services, Inc., and Seattle Specialty Insurance Services, Inc., and all of their predecessors, successors, and Affiliates.

---

[1] "Borrower(s)" means (1) the person or persons who signed a reverse mortgage loan agreement, including home equity conversion mortgages, serviced by Financial Freedom and secured by residential property; and (2) property owners who were devised property secured by a reverse mortgage serviced by Financial Freedom where the devisor's reverse mortgage account was charged for an LPI Policy by Financial Freedom after the property had been devised to the property owner.

[2] "Financial Freedom" means Financial Freedom, a division of OneWest Bank, FSB, which later was known as Financial Freedom, a division of OneWest Bank, N.A., and later was known as Financial Freedom, a division of CIT Bank, until CIT Bank sold the Financial Freedom reverse mortgage servicing business.

      e.    MIC General means MIC General Insurance Corporation, and its predecessors and successors, and all its Affiliates, including NGLS Insurance Services, Inc. and Seattle Specialty Insurance Services, Inc.

      f.    "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control or ownership with such entity.

      g.    "Insurance Entities" means Balboa Insurance Company, QBE Insurance Corporation, QBE FIRST Insurance Agency, Inc. n/k/a NGLS Insurance Services, Inc. and any of its Affiliates, MIC General Insurance Corporation, Seattle Specialty Insurance Services, Inc., Certain Underwriters at Lloyd's, London, and Great Lakes Reinsurance (UK), PLC, n/k/a Great Lakes Insurance SE.

      h.    "LPI Policy" means a lender-placed residential hazard and/or wind-only insurance policy or policies issued by, subscribed by, or procured or obtained through any of the Insurance Entities, and placed during the Settlement Class Period pursuant to a reverse mortgage loan agreement, including home equity conversion mortgages, serviced by Financial Freedom to cover a Borrower's failure to maintain the required insurance coverage on the residential property securing the reverse mortgage loan.

      i.    "Net Premium" means the amount of premium charged to a Settlement Class Member during the Settlement Class Period for an LPI Policy that was not cancelled, less any refund paid or credited to the Settlement Class Member.

    2.    Named Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their family members, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors,

3

attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

      a.    "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Parties' conduct, policies, or practices concerning the placement, issuance, or facilitation of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for the placement of LPI Policies during the

Settlement Class Periods. In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

        b.        The Released Claims of both the Named Plaintiffs and the Settlement Class Members shall include, but not be limited to, all claims related to CIT Bank's or Financial Freedom's insurance requirements; the relationship, whether contractual or otherwise, between any of the Released Parties or their Affiliates, or any other insurance carriers, brokers, or agents from whom CIT Bank or Financial Freedom procured or obtained coverage insuring residential property owned by any Settlement Class Member, regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by CIT Bank or Financial Freedom; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by CIT Bank or Financial Freedom; any alleged tortious interference by the Insurance Entities with mortgage loans serviced by CIT Bank or Financial Freedom; the receipt or disclosure or non-disclosure of any and all payments, expenses, fees, finance charges, other charges, or features pertaining in any way to, in connection with, or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by CIT Bank or Financial Freedom; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by CIT Bank or Financial Freedom; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by CIT Bank or Financial Freedom; and the regulatory approval or non-approval of any LPI Policy, or the premium

5

thereon, placed or charged by CIT Bank or Financial Freedom. Each Settlement Class Member shall be considered, by operation of the Final Judgment, to have received full and final redress, including but not limited to any refund, reimbursement restitution, or damages for the conduct covered by the release.

        c.      "Released Parties" means, only with respect to Released Claims: (a) CIT Bank, CIT Group Inc., OneWest Bank, FSB, OneWest Bank, N.A., Financial Freedom Acquisition, LLC, Financial Freedom, IndyMac Financial Services, IndyMac Agency, Inc., the Insurance Entities, and each of their respective past, present, and future, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any insurance carrier, broker, or agent from whom Defendants procured or obtained an LPI Policy, or that was a party to an agreement relating to an LPI Policy, insuring residential real property owned by any Settlement Class Member, to the extent not included within subsection (a) above; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, any owner, investor, and/or noteholder of the reverse mortgage loans CIT Bank or Financial Freedom serviced and upon whose secured properties LPI was placed for any Settlement Class member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

    3.      Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4.      Within ten (10) days, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

DONE and ORDERED in Chambers in Camden, New Jersey, this _____ day of _____, 2020

_____
RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE