**Docket No. 91**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA GRAY, AS EXECUTRIX OF THE ESTATE OF EARL GRAY, JR. AND AS TRUSTEE OF THE INTEREST OF JASMINE GRAY-OLIVER, JUSTIN GRAY AND JULIA WIECK, on behalf of themselves and all others similarly situated, | **CASE NO. 1:18-cv-01520-RMB-AMD** |
| Plaintiffs, | |
| v. | |
| CIT BANK, N.A., QBE INSURANCE CORPORATION, QBE FIRST INSURANCE AGENCY, INC., AND MIC GENERAL INSURANCE CORPORATION, | |
| Defendants. | |

### ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement**. Plaintiffs and Defendants have negotiated a potential settlement of this action (the "Gray Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the Released Parties, including (a) CIT Bank, N.A., CIT Group Inc., OneWest Bank, FSB, OneWest Bank, N.A., Financial Freedom Acquisition, LLC, Financial

Freedom, IndyMac Financial Services, IndyMac Agency, Inc., QBE Insurance
Corporation, QBE FIRST Insurance Agency, Inc. n/k/a NGLS Insurance Services, Inc.,
MIC General Insurance Corporation, Balboa Insurance Company, Seattle Specialty
Insurance Services, Inc., Certain Underwriters at Lloyd's, London, and Great Lakes
Reinsurance (UK) PLC n/k/a Great Lakes Insurance SE, and each of their respective past,
present, and future, direct or indirect, Affiliates, parent companies, subsidiaries, divisions,
predecessors, successors, assigns, investors, and all past or present officers, directors,
employees, agents, brokers, distributors, representatives, and attorneys of any such entities
or persons; (b) any insurance carrier, broker, or agent from whom Defendants procured or
obtained a hazard or wind-only LPI Policy, or that was a party to an agreement relating to
an LPI Policy, insuring residential real property owned by any Settlement Class Member,
to the extent not included within subsection (a) above; and (c) any trustee of a mortgage
securitization trust which included loans made to any Settlement Class Member, any
owner, investor, and/or noteholder of the reverse mortgage loans CIT Bank or Financial
Freedom serviced and upon whose secured properties LPI was placed for any Settlement
Class member, including, but not limited to, any direct or indirect subsidiary of any of
them, and all of the officers, directors, employees, agents, brokers, distributors,
representatives, and attorneys of all such entities.

      2.    **Review.** The Court has reviewed the Settlement Agreement and supporting
documents in this matter. The terms and conditions in the Settlement Agreement, as
modified by the Parties' subsequent supplemental submissions (ECF Nos. 98, 102, 105),
are hereby incorporated as though fully set forth in this Order, and, unless otherwise

indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.     **Preliminary Approval**.  The Settlement Agreement entered into by and among the Plaintiffs Monica Gray, as executrix of the Estate of Earl Gray, Jr., and as trustee of the interests of Jasmine Gray Oliver, and Justin Gray, and Julia Wieck, on behalf of themselves and the Settlement Class, and Defendants, as modified by the Parties' supplemental submissions in this case, has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.     **Settlement Class Relief**.  The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate.  The Settlement Class shall consist of:

> All Borrowers in the United States who, during the Settlement Class Period (February 2, 2012 through and including July 31, 2018), were charged by Financial Freedom a Net Premium for an LPI Policy issued during the Settlement Class Period.
>
> Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of Defendants or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or State, assigned to this matter; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; (iv) borrowers whose indebtedness on the residential property securing the reverse mortgage loan serviced by Financial Freedom has been compromised or discharged in bankruptcy or otherwise; and (v) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

5.     **Preliminary Certification of Settlement Class.**  The Court makes the following determinations as to certification of the Settlement Class:

(a)    The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)    The Settlement Class is so numerous that joinder of all members is impracticable;

(c)    There are questions of law or fact common to the members of the Settlement Class;

(d)    The claims of the Named Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e)    The Named Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)    Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)    The Settlement Class is ascertainable; and

(h)    Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.    **Designation of Class Representative**.  Plaintiffs Monica Gray, Jasmine Gray Oliver, Justin Gray and Julia Wieck are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Gray Litigation.

7.    **Designation of Class Counsel**.  The law firms of The Law Office of Roosevelt N. Nesmith, LLC, and Giskan, Solotaroff & Anderson, LLP, are hereby designated as Class Counsel for the Settlement Class.

8.      **Final Approval Hearing**.  <u>A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 10:00 a.m. on September 10, 2020</u> before the Honorable Renee Marie Bumb, to determine, among other things:   (i) whether the Settlement of the Gray Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Gray Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out of the settlement from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award to the Named Plaintiffs, should be approved.

9.      **Class Notice**.

(a)     The Court approves the Class Notice in the Settlement Agreement, per the following revised notices to the Settlement Class Members:

- Revised Instructions for Claim Form, Exhibit A to the Settlement Agreement, as attached hereto as Exhibit A;

- Revised Claim Form, Exhibit B to the Settlement Agreement, as attached hereto as Exhibit B;

- Revised Mail Notice, Exhibit D to the Settlement Agreement, as attached hereto as Exhibit C;

- Revised Proposed Order Granting Final Approval of Class Action Settlement, Exhibit F to the Settlement Agreement, as attached hereto as Exhibit D;

- Revised Proposed Final Judgment, Exhibit F-1 to the Settlement Agreement; as attached hereto as Exhibit E;

and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that the revised Mail Notice and the other forms of Class Notice in the Settlement Agreement, as revised, are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)     The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement. The Mail Notice shall include the revised Claim Instructions (attached as Exhibit A hereto and Claim Form (attached as Exhibit B hereto).

(c)     A similar but abbreviated Summary Publication Notice of Class Action, Proposed Settlement, Final Approval Hearing, and Right to Appear shall be

published not less than forty-five (45) days before the date set by the Court for the Final Approval Hearing regarding this Settlement.

(d)     No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settlement Agreement and revised Exhibits and the revised Mail Notice, and allow Settlement Class members to upload and file their claim forms.  The Settlement Website shall also contain the revised Claim Form Instructions and an unpopulated version of the revised Claim Form which may be downloaded or printed from the Settlement Website.  In addition, the Settlement Website shall allow for the option of completing Claim Forms online within the settlement website utilizing an e-signature format.  However, when the claim form is completed online, the Settlement Class Member must separately upload the required verification documents to the Settlement Website pursuant to the instructions on the Website no later than the Claim Deadline.  The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.GrayFinancialFreedomSettlementInfo.com.  The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief.  Further, the Settlement Administrator shall make advertisements on the internet directed to Class Members in form and content mutually acceptable to Class Counsel and Defendants as agreed upon in the Settlement.

(e)     The Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  The phone number shall remain

open and accessible through the last day for Settlement Class Members to submit a Claim. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; *provided however*, the Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Administrator shall handle such administrative request(s), but the Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.  If any submitted Claim Forms are deemed invalid for any reason (*e.g.*, because they are defective or incomplete in any way), the Administrator shall promptly advise Class Counsel on a weekly basis so that Class Counsel may follow-up with the Class Member who submitted such Claim Form in order to cure any deficiency.  The Settlement Administrator shall send a notice to claimants submitting deficient claims identifying the deficiency.  Any defective Claim Form may be cured and shall be accepted by the Administrator so long as the defect is resolved within 30 days after Claim Deadline.

      (f)     No later than 10 days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing of the Settlement Website.

      (g)     Defendants shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 10 calendar days before the Final Fairness Hearing, counsel for Defendants

shall file with the Court one or more declarations stating that Defendants have complied with their notice obligations under 28 U.S.C. § 1715.

10.    **Administrators**.  The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) initiate the Internet advertising campaign, (iv) establish the Settlement Website, (v) receive and process settlement claims, and (vi) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11.    **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than thirty (30) days before the Final Approval Hearing.

(a)    To be valid, the Request for Exclusion must:  (a) identify the case name and number; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Gray Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Gray Class Action."  Mass or class opt outs shall not be allowed.

(b)    A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate

action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

(c)     Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d)     If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds five percent (5%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e)     If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims.

12.     **Objections and Appearances**.  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the

requirements set forth below and in the Settlement Agreement no later than thirty (30)

days before the Final Approval Hearing:

**For Plaintiff and Settlement Class**
Roosevelt N. Nesmith
Law Office of Roosevelt N. Nesmith, LLC
363 Bloomfield Avenue, Ste. 2C
Montclair, NJ  07042
Telephone: (973) 259-6990
Facsimile: (866) 848-1368

**For CIT Bank**

Louis Smith
Greenberg Traurig LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7915
Facsimile: (973) 295-1256

**For QBE Insurance Corporation, QBE FIRST Insurance Agency, Inc., and MIC General Insurance Corporation**
Robyn Quattrone
Mitchell Sandler LLC
1120 20th Street, NW, Suite 725
Washington DC 20026
Telephone: (202) 886-5260

      (a)    The requirements to assert a valid written objection shall be set forth

in the Class Notice and on the Settlement Website, and shall include:  (a) the case name

and number; (b) the name, address, telephone number of the Person objecting and, if

represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a

statement of whether he/she intends to appear at the Final Approval Hearing, either with

or without counsel;

      (b)    Any Settlement Class Member who fails to object to the Settlement

in the manner described in the Class Notice and consistent with this Section shall be

deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.     **Releases.**  If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the

Released Parties from all Released Claims, which, as described in Section 10 of the Settlement Agreement, include, *inter alia,* any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in this Action that relate, concern, arise from, or pertain in any way to the Released Parties' conduct, policies, or practices concerning the placement, issuance, or facilitation of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for the placement of LPI Policies during the Settlement Class Period.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards**.

Plaintiffs and Settlement Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Action in an amount exceeding $1,562,559. Settlement Class Counsel shall apply for Case Contribution Awards not to exceed $30,000 collectively for the Named Plaintiffs for their work and assistance in this Action.

15. **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily

13

enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16.     **Service of Papers.**  Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement

shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.    **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19.    **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED in Chambers in Camden, New Jersey, this 21st day of April, 2020.


___s/Renee Marie Bumb_____
RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE


cc:  All Counsel of Record